# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 5, 2026

**Before**

DORIS L. PRYOR, *Circuit Judge*

JOSHUA P. KOLAR, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

No. 24-2056

| | |
|---|---|
| JOSHUA HARRIS and DONITA OLDS, on behalf of plaintiffs and the class members described herein, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiffs-Appellees*, | |
| *v.* | No. 1:23-cv-16429 |
| W6LS, INC., doing business as WithU and WithU Loans, and CALIBER FINANCIAL SERVICES, INC., | Lindsay C. Jenkins, *Judge*. |
| *Defendants-Appellants*. | |

**O R D E R**

On consideration of the petition for rehearing and rehearing en banc filed on April 28, 2026, no judge in active service requested a vote on the petition for rehearing en banc and all members of the original panel have voted to deny rehearing and to issue an amended opinion. The following language was added to footnote 3 on page 7:

> In taking this approach, we affirm on a basis not relied on by the district court but argued by the parties in supplemental briefing. The district court based its decision solely on prospective waiver, and the parties framed their initial

arguments on appeal on that singular issue. As we discuss below, however, it remains an open question whether the prospective waiver doctrine applies to state statutory rights. *Infra* pp. 15–16. Formation, on the other hand, is a clear prerequisite for delegation and arbitration, and provides a narrower path to resolving this case on the facts before us. *See K.F.C.*, 29 F.4th at 837 ("Even the most sweeping delegation cannot send the contract-formation issue to the arbitrator[.]"). And we may generally affirm the district court's judgment on any ground supported by the record. *See, e.g.*, *E.D. by Duell v. Noblesville Sch. Dist.*, 151 F.4th 907, 914 n.1 (7th Cir. 2025); *see Kass v. PayPal Inc.*, 75 F.4th 693, 700 (7th Cir. 2023) (noting a motion to compel arbitration is procedurally akin to a summary judgment motion). Cognizant that the parties had not framed the issue as one of formation on appeal, we requested supplemental briefing on formation as to the arbitration and delegation provisions of the Loan Agreements. Both parties have now had the opportunity to fully brief and be heard on this issue.

The court's opinion dated March 31, 2026, is amended in a separately filed opinion released today.

It is therefore ORDERED that the petition for rehearing and for rehearing en banc is DENIED.